UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELE DIROCCO, an individual, and
on behalf of all other similarly situated
individuals

        Plaintiff,

v.                                            Case No:   2:15-cv-552-FtM-99CM

VICTORY MARKETING AGENCY,
LLC and VINCENT ANTONIO,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on consideration of Magistrate Judge Carol Mirando's Report and Recommendation (Doc. #18), filed on January 12, 2016, recommending Defendants Victory Marketing Agency, LLC and Vincent Antonio's Motion to Compel Arbitration be granted.  Defendants filed an Objection (Doc. #19) to the Report and Recommendation on January 26, 2016.  Plaintiff Michele Dirocco responded by filing a Notice of Agreement with the Report and Recommendation (Doc. #20) on February 5, 2016.  The matter is ripe for review.

**Background**

The facts of this action have been thoroughly summarized in the Report and Recommendation (Doc. #18 at 2-7) and need not be fully repeated here.  This is an

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

employment action alleging a violation of the Fair Labor Standards Act ("FLSA") and unjust enrichment. In May 2014, Defendants hired Plaintiff to serve as a staffing coordinator for their marketing business. As typically done with new hires, Defendants asked Plaintiff to complete and return several employment-related documents before her employment began. Among those documents were two employment agreements. The parties agree Plaintiff executed at least one employment agreement with Defendants. However, there is confusion as to whether Plaintiff executed the second agreement, known as the SOI agreement, with Defendants or a third-party who provided payroll services for Defendants. Now, faced with allegations that they improperly classified Plaintiff as an exempt employee and denied her overtime pay, Defendants seek to enforce arbitration clauses found in both agreements.

## Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *see also United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n. 1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See *Cooper-Houston v. So. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness. See *Powell*, 628 F.3d at 1256-58.

**Discussion**

The parties agree that Judge Mirando ultimately reached the right recommendation - this action should be referred to binding arbitration. But Defendants disagree with several conclusions Judge Mirando made in the analysis accompanying this recommendation. First, Defendants take issue with Judge Mirando's conclusion that an arbitrator should decide whether Plaintiff's claims are subject to class arbitration. Second, Defendants take issue with Judge Mirando's conclusion that they were not parties or third-party beneficiaries to the SOI Acknowledgment, and therefore cannot enforce the arbitration clause contained in that agreement. Having reviewed the underlying Motion, Response, Reply, Surreply, Report and Recommendation, and Objection, the Court finds Defendants' Objection must be overruled, in part, and sustained, in part.

1. *Whether this Action Should Proceed to Arbitration on a Class Basis is for the Arbitrator to Determine*

Congress enacted the Federal Arbitration Act, 9 U.S.C. §§ 1-307, to ensure that "private agreements to arbitrate are enforced according to their terms." *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662, 682 (2010). Within this framework, courts typically assume limited roles, deciding only matters that the parties would expect a court, rather than an arbitrator, to resolve. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). Often referred to as "gateway matters," these matters involve questions such as "whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Id.* In contrast, courts have no role in deciding "procedural" matters, "which grow out of the dispute and bear on its final disposition." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002). Those are presumptively for the arbitrator to decide. *See id.*

The Court must determine whether the availability of class arbitration is a gateway matter for the courts or a procedural matter for the arbitrator. This is not an easy task. Courts throughout the country have analyzed this issue, often reaching conflicting conclusions. While recent Supreme Court precedent teaches that this determination must be made based on the parties' intent, there is no guidance as to who is tasked with making this determination. See *Stolt-Nielsen S.A.*, 559 U.S. at 685-87; *see also Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 n.2 (2013) ("[T]his Court has not yet decided whether the availability of class arbitration is a question of arbitrability."). In two recently-decided cases where the Supreme Court could have resolved this issue, the parties, unfortunately, removed the issue from the Court's review. See *Stolt-Nielsen*, 559 U.S. at 680 (noting that the parties' agreement "expressly assigned this issue to [an] arbitration panel"); *Oxford Health*, 133 S. Ct at 2068 n.2 (noting that the appellant agreed, on two occasions, "that the arbitrator should determine whether its contact with [the appellee] authorized class procedures"). And the Eleventh Circuit has yet to share its view on the issue either. See *S. Commc'ns Servs., Inc. v. Thomas*, 720 F.3d 1352, 1359 n.6 (11th Cir. 2013).

Despite the lack of binding precedent on this issue, a Supreme Court plurality opinion provides some guidance. In *Green Tree Fin. Corp. v. Bazzle*, the Supreme Court concluded the applicability of class arbitration was a procedural matter for the arbitrator. 539 U.S. 444 (2003). Justice Breyer, writing for the plurality, explained that this issue does not concern "the validity of the arbitration clause nor its applicability to the underlying dispute between the parties." *Id.* at 452. The issue instead concerns "what *kind of arbitration proceeding* the parties agreed to." *Id.* (emphasis in original). That question

does not "concern a state statute or judicial procedures," but rather "contract interpretation and arbitration procedures." *Id.* at 452-453. And arbitrators are well suited to provide the answer. *Id.* at 453.

*Bazzle* is not without its critics, however. Both the Third and Sixth Circuits[2] believe the Supreme Court might reach a different conclusion if it addressed the issue today. *See Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*, 734 F.3d 594, 598 (6th Cir. 2013) (explaining that the Supreme Court "has given every indication, short of an outright holding, that classwide arbitrability is a gateway question rather than a subsidiary one"); *Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1530 (2015) (reaching a similar conclusion). Relying on *Oxford Health* and *Stolt-Nielsen*, both circuits point to the fact that the Supreme Court "has pointedly observed that 'only the plurality' in *Bazzle* decided whether classwide arbitration is a gateway question." *Reed Elsevier*, 734 F.3d at 598; *see also Opalinski*, 761 F.3d at 331 (highlighting that the Supreme Court has noted only a plurality in *Bazzle* decided the issue at hand). They also note the Supreme Court has recently classified the difference between bilateral and class arbitration as "fundamental," illustrating "the question whether parties agreed to classwide arbitration is vastly more consequential than even the gateway question whether they agreed to arbitrate bilaterally." *Reed Elsevier*, 734 F.3d at 599; *see also Opalinski*, 761 F.3d at 333-34 (making similar observations).

Turning to this action, Defendants urge the Court to sustain their objection, follow the Third and Sixth Circuits' lead, and rule on whether this action can proceed as a class arbitration. The Court declines to do so. While the *Reed Elsevier* and *Opalinski* opinions

---

[2] At this time, no other circuit has addressed this issue.

are certainly persuasive, they constitute nothing more than a guess as to how the Supreme Court might ultimately rule on this issue. Beyond casually noting that *Bazzle* achieved a plurality on this issue, however, the Supreme Court has given no indication that the plurality decided the issue incorrectly. The Court is not convinced that *dicta* found in a related, but separate, analysis is enough to conclude otherwise. Therefore, without any guidance from the Eleventh Circuit, the Court finds the plurality opinion in *Bazzle* remains the most persuasive authority. That said, the decision of whether this action may proceed to arbitration on a class basis is a procedural matter for the arbitrator to decide. See *Bazzle*, 539 U.S. at 452-53.

    *2. Defendants are Third-Party Beneficiaries to the SOI Agreement*

Florida, like most jurisdictions, requires the parties' mutual assent for a valid contract. See *L & H Const. Co. v. Circle Redmont, Inc.*, 55 So. 3d 630, 634 (Fla. 5th DCA 2011). There are many ways such assent may be manifested, whether through spoken or written words, or inferred in whole or in part from the parties' conduct. See *id.* A third party who has not assented to a contract may enforce its terms only in limited circumstances. See *Greenacre Properties, Inc. v. Rao*, 933 So. 2d 19, 23 (Fla. 2d DCA 2006). Those circumstances include when (1) "the contract either expressly creates rights for them" or (2) "the provisions of the contract primarily and directly benefit the third party or a class of persons of which the third party is a member." *Id.* An incidental beneficiary, however, has no right to enforce the contract. See *Gallagher v. Dupont*, 918 So. 2d 342, 347 (Fla. 5th DCA 2005).

Judge Mirando ultimately concluded Defendants were incidental beneficiaries to the SOI agreement, and therefore could not enforce its terms. But before reaching this

conclusion, Judge Mirando determined Defendants were not parties to the SOI agreement because they never manifested assent to the agreement. Defendants first object to this determination. Defendants highlight the fact that they provided Plaintiff with the SOI agreement and asked her to return and sign it. Defendants believe this act, combined with the fact that they continued their employer-employee relationship with Plaintiff thereafter, "clearly demonstrate[s]" they assented to the agreement. The Court disagrees.

The SOI agreement is entitled "Assigned Employee Notice & Acknowledgments." (Doc. #8 at 15). Its purpose is to alert Plaintiff that Strategic Outsourcing Inc. ("SOI") provides certain services on Defendants' behalf, including payroll services. (Doc. #8 at 15). It also explains how SOI is and is not involved in Plaintiff's employment and how disputes between SOI, Plaintiff, and Defendants would be resolved through arbitration. (Doc. #8 at 15). Importantly, the agreement uses language such as "I [Plaintiff] and SOI agree" and "I [Plaintiff] and SOI mutually waive." (Doc. #8 at 15). There is no similar language involving Defendants. (Doc. #8 at 15). This fact is not surprising, however, as the agreement explicitly labels Defendants as "beneficiaries" to the agreement rather than parties. (Doc. #8 at 15).

Defendants try to overcome these facts by pointing to *Sierra v. Isdell*, 6:09-cv-124-ORL-19KRS, 2009 WL 2179127 (M.D. Fla. July 21, 2009). There, our sister court found it was irrelevant whether either party signed the agreement at issue because the parties' mutual assent was clearly established "through the parties' decisions to continue the employment relationship after the agreement's effective date." *Sierra*, 2009 WL 2179127, at *4. Yet *Sierra* is clearly distinguishable. To begin, the agreement at issue in *Sierra*

explicitly provided that by continuing the employer-employee relationship after the agreement's effective date, both parties assented to the agreement. *See id.* at *1. There is no such language in the SOI agreement. (Doc. #8 at 15). Moreover, the defendant in *Sierra* maintained exclusive control over the plaintiff's employment. *See id.* at *1. Whereas, here, Defendants contracted out several tasks related to Plaintiff's employment to SOI. (Doc. #8 at 15). It logically follows that SOI would want to execute an agreement with Plaintiff to specify how it is and it is not involved with her employment so there was no confusion. There is no indication that Defendants were parties to the agreement, or that they assented to it, and there is certainly not enough to sustain Defendants' objection on this issue.

With that said, the Court agrees with Defendants that they are more than incidental beneficiaries to the SOI agreement. As previously noted, the agreement explicitly provides that Defendants, "or any benefit plan, insurer, employee, officer, or director" of Defendants, are beneficiaries of the agreement. This language shows a clear, bilateral intent to primarily and directly benefit Defendants. Therefore, Defendants qualify as third-party beneficiaries and may enforce the SOI agreement's terms, including its arbitration clause. *See Morgan Stanley DW Inc. v. Halliday,* 873 So. 2d 400, 403 (Fla. 4th DCA 2004) (explaining that a non-party qualifies as a third-party beneficiary "only if the contract clearly express an intent to primarily and directly benefit the third party or a class of persons to which that party belongs."). Based on the Court's analysis above, however, whether the arbitration clause prevents Plaintiff from proceeding on a class basis is a matter for the arbitrator to decide.

8

Accordingly, it is now

**ORDERED:**

1. Defendants' Objection to the Report and Recommendation (Doc. #19) is **OVERULED in part** and **SUSTAINED in part**.

2. The Report and Recommendation of United States Magistrate Judge Carol Mirando (Doc. #18) is **ADOPTED in part**. The Court adopts the facts section of Judge Mirando's Report and Recommendation.

3. Defendants' Motion to Compel Arbitration and Incorporated Memorandum of Law (Doc. #8) is **GRANTED**. The parties shall proceed to arbitration.

4. All proceedings in this action are **STAYED** pending completion of arbitration. The parties are directed to: (a) file a written status report every ninety (90) days during the pendency of the arbitration, and (b) jointly notify the Court in writing within seven (7) days of the conclusion of the arbitration proceedings.

**DONE** and **ORDERED** in Fort Myers, Florida, this 31st day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record