UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELE DIROCCO, an individual,
and on behalf of all other similarly
situated individuals

        Plaintiff,

v.                                                                Case No: 2:15-cv-552-FtM-38CM

VICTORY MARKETING AGENCY,
LLC and VINCENT ANTONIO,

        Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. 27) filed on February 8, 2017. The parties provided a copy of the FLSA Settlement Agreement and Limited Release for the Court's review. Doc. 27-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims. Doc. 27. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff Michele DiRocco on behalf of herself and all other similarly situated individuals brought collective and individual claims for unjust enrichment and recovery of overtime compensation under the FLSA against Defendants Victory

Marketing Agency, LLC ("Victory") and Vincent Antonio ("Antonio") (collectively, "Defendants"). Doc. 1. Victory is a Florida limited liability corporation. *Id.* ¶ 3. Antonio is the sole manager of Victory and has the authority to hire and fire Victory's employees. *Id.* ¶ 4.

The Complaint alleges that Defendants hired Plaintiff as a non-exempt staffing coordinator on a salary basis. *Id.* ¶ 17. Plaintiff alleges that Defendants intentionally misclassified Plaintiff and other similarly situated individuals as exempt employees under the FLSA, although Plaintiff was a non-exempt employee. *Id.* ¶¶ 13, 20. Plaintiff further claims that Defendants required Plaintiff to work sixty hours per week without providing proper overtime compensation. *Id.* ¶ 19.

On October 14, 2015, Defendants filed a motion to compel arbitration because they argued that Plaintiff agreed to arbitrate any dispute related to her employment with Defendants on an individual basis. Doc. 8 at 1. The undersigned recommended that United States District Judge Sheri Polster Chappell grant Defendants' motion and stay this action until the parties complete arbitration. Doc. 18. Based on the undersigned's Report and Recommendation, on April 21, 2016, Judge Chappell ordered the parties to proceed to arbitration and stayed this action pending completion of arbitration. Doc. 21. On February 8, 2017, the parties filed the present motion, notifying the Court that they reached an agreement regarding Plaintiff's individual claims. Doc. 27 at 1.

The parties allege that the proposed settlement agreement is a compromise of only Plaintiff's individual FLSA and unjust enrichment claims because Plaintiff

waived her right to assert collective and class FLSA and unjust enrichment claims when she signed an arbitration agreement that contained a class action waiver. *Id.* at 1-2. In the proposed settlement agreement, Defendants agree to pay Plaintiff a settlement amount totaling eight thousand seven hundred fifty dollars ($8,750.00) in consideration of Plaintiff's underlying claims for overtime wages. Docs. 27 at 2; 27-1 at 2. Defendants also will pay to Plaintiff's counsel the sum of three thousand sixty two dollars and fifty cents ($3,062.50) as reasonable attorney's fees and costs, which were negotiated separately from the amount of settlement funds to be paid to Plaintiff. Docs. 27 at 4; 27-1 at 2.

The parties state that they had detailed and fact-based negotiations and explored their factual and legal contentions' likelihood of success. Doc. 27 at 3. The parties believe that the settlement is fair and reasonable given the evidentiary proof, the expense and disruption inherent in completing discovery and preparing for arbitration, and the uncertainty of the arbitration outcome. *Id.* at 4. Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 27 at 4. As noted, as part of the settlement, Defendants agree to pay Plaintiff's attorney's fees and costs in the amount of $3,062.50. Doc. 27-1 at 2. The parties assert that the amount of attorney's fees was negotiated separately from Plaintiff's recovery. Doc. 27 at 4. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. 27) be **GRANTED** and the FLSA Settlement Agreement and Limited Release (Doc. 27-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 25th day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record